23-7697
Maita Angamarca v. Bondi

BIA
Caldas, IJ
A220 282 543/544/545

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand twenty-five.

PRESENT:
> DENNIS JACOBS,
> RAYMOND J. LOHIER, JR.,
> ALISON J. NATHAN,
> > *Circuit Judges.*

_____

JORGE PATRICIO MAITA
ANGAMARCA, DELIA YOLANDA
GOMEZ CUJI, E.G.M.G.,
> *Petitioners,*

v.                                                          **23-7697**
                                                            **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*[*]

_____

[*] The Clerk of Court is directed to amend the caption as set forth above.

**FOR PETITIONERS:**	Reuben S. Kerben, Kerben Law Firm, P.C., Kew Gardens, NY.

**FOR RESPONDENT:**	Brian Boynton, Principal Deputy Assistant Attorney General, Civil Division; Leslie McKay, Senior Litigation Counsel, Office of Immigration Litigation; Nelle M. Seymour, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Jorge Patricio Maita Angamarca, Delia Yolanda Gomez Cuji, and their minor daughter, natives and citizens of Ecuador, seek review of an October 6, 2023 decision of the BIA that affirmed an April 4, 2022 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Maita Angamarca, et al.*, Nos. A 220 282 543/544/545 (B.I.A. Oct. 6, 2023), *aff'g* Nos. A 220 282 543/544/545 (Immig. Ct. N.Y. City Apr. 4, 2022). We assume the parties' familiarity with the

---

[1] Maita Angamarca does not raise his CAT claim here. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented . . . and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

underlying facts and procedural history.

We consider the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal must establish past persecution or a fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." *Id.* § 1158(b)(1)(B)(i); *see also* 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding). Applicants seeking relief based on membership in particular social groups must show both that the groups are cognizable and that membership in a group is one central reason for the harm suffered or feared. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014).

"[W]here there is more than one motive for mistreatment . . . , an applicant's status as a member of a particular social group . . . must be at least one of the central reasons, rather than a minor reason, for why that individual is being targeted." *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022). An "applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's" protected characteristic. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005); *see also Paloka*, 762 F.3d at 196–97 ("Whether the requisite nexus exists depends on the view and motives of the persecutor." (quotation marks omitted)). We consider whether the agency's determination that Maita Angamarca's membership in his proposed social groups was not a central reason for the harm suffered or feared was supported by substantial evidence. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 285 (2d Cir. 2006).

Maita Angamarca alleged membership in particular social groups of "middle class Ecuadorian mestizos working as taxi drivers who found out that their customers were drug dealers and was unable to stop working for them" and "Ecuadorian citizens who filed a police complaint against a drug dealer." Certified Administrative Record at 37–38. The agency assumed these groups

4

were cognizable, but concluded that Maita Angamarca failed to show that his membership in either group was a central reason that he was targeted or harmed. Maita Angamarca's conclusory statements here are arguably insufficient to challenge the agency's nexus determination. *See Yueqing Zhang*, 426 F.3d at 545 n.7 (concluding that petitioner abandoned a claim by "devot[ing] only a single conclusory sentence to the argument"). In any event, substantial evidence supports the agency's conclusion.

Maita Angamarca alleged that a repeat passenger in his taxi who was involved in the drug trade sent men to threaten and coerce him into working for the criminal enterprise. These alleged facts reflect that his assailants were principally motivated by the desire to recruit Maita Angamarca to the drug trade, not by animosity towards him as middle-class, mestizo, a taxi driver, or because he filed a police complaint. *See Garcia-Aranda*, 53 F.4th at 757; *Quituizaca*, 52 F.4th at 115. The gang's interest in recruitment does not establish that Maita Angamarca was targeted on account of a protected ground. *See Garcia-Aranda*, 53 F.4th at 758 (explaining that being "targeted for extortion" or the "perceived ability to pay" is not a protected ground for asylum and withholding); *Paloka*, 762 F.3d at 196–97; *cf. Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm

5

visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' . . . .").

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court